UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
**Case Number:**

DEBRA DAVIS, :
Individually, :
　　　　　　　　　　　　　　　　　　　　　　:
　　Plaintiff, :
v. :
　　　　　　　　　　　　　　　　　　　　　　:
T-C THE MANOR AT FLAGLER VILLAGE,:
LLC, a Foreign Limited Liability Company,:
CRAFTMADE FLAGLER, LLC, d/b/a THE:
BRASS TAP a Florida Limited Liability:
Company, and FORT LAUDERDALE PIZZA:
BAKERS, INC., d/b/a MELLOW MUSHROOM,:
a Florida for profit Corporation, :
　　　　　　　　　　　　　　　　　　　　　　:
　　Defendant(s). :
_____/

## **COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, DEBRA DAVIS, (hereinafter sometimes referred to as "Plaintiff"), individually and on behalf of all similarly situated persons, files this lawsuit against the Defendants, T-C THE MANOR AT FLAGLER VILLAGE, LLC, a Foreign Limited Liability Company, CRAFTMADE FLAGLER, LLC, d/b/a THE BRASS TAP a Florida Limited Liability Company, and FORT LAUDERDALE PIZZA BAKERS, INC., d/b/a MELLOW MUSHROOM, a Florida for profit Corporation, (from time to time collectively referred to as hereinafter "Defendants"), for injunctive and declaratory relief pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq.* ("ADA"), the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), Florida Americans With Disabilities Accessibility Implementation Act

and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"), and in support thereof states:

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 to address Plaintiff's ADA claims arising under 42 U.S.C. §§ 12181, *et seq. See also* 42 U.S.C. §§ 12188(a)(1)-(a)(2).

2. This Court also has pendant jurisdiction over all any State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c).

4. Plaintiff, is a resident of the State of Florida, and is *sui juris*, and qualifies as an individual with a disability under the ADA. Plaintiff's suffers from paralysis and requires a wheelchair to ambulate. *See* 42 U.S.C. § 12102(2); 28 C.F.R. § 36.104(2).

5. Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

6. The Defendant, T-C THE MANOR AT FLAGLER VILLAGE LLC, ("T-C Manor), is a foreign for profit Limited Liability Company incorporated in the State of Delaware. T-C Manor conducts business in Broward County, Florida.

7. Defendant, T-C Manor, is the owner, operator, lessor/lessee of a commercial facility that houses a place of public accommodation located at: **525 North Federal Highway. Fort Lauderdale, FL 33308** and may not discriminate against an individual on the basis of

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered to the public therein. *See* 42 U.S.C. § 12181(2); 28 C.F.R. §§ 36.104, 36.201(a)-(b).

8. The Defendant, CRAFTMADE FLAGLER, LLC, d/b/a THE BRASS TAP, ("Craftmade"), is a for Limited Liability Company incorporated under the laws of Florida. Craftmade conducts business in Broward County, Florida.

9. Defendant, Craftmade, is the owner, operator, lessor/lessee of a place of public accommodation, more commonly known within the community as the "The Brass Tap" restaurant, and may not discriminate against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered to the public therein. *See* 42 U.S.C. § 12181(7)(B); 28 C.F.R. §§ 36.104, 36.201(a)-(b).

10. The Defendant, FORT LAUDERDALE PIZZA BAKERS, INC., d/b/a MELLOW MUSHROOM, ("Ft. Pizza Bakers"), is a for profit Corporation incorporated under the laws of Florida. Ft. Pizza Bakers conducts business in Broward County, Florida.

11. Defendant, Ft. Pizza Bakers, is the owner, operator, lessor/lessee of a place of public accommodation, more commonly known within the community as the "Mellow Mushroom" restaurant, and may not discriminate against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered to the public therein. *See* 42 U.S.C. § 12181(7)(B); 28 C.F.R. §§ 36.104, 36.201(a)-(b).

12. The Defendant, T-C Manor leases commercial space to the Defendants, Craftmade and Ft. Pizza Bakers at the subject commercial facility.

13. Plaintiff visited the commercial facility and places of public accommodations commonly known within the community as The Brass Tap and Mellow Mushroom restaurants, (collectively referred to as the "Premises"), which forms the basis of this lawsuit.

14. Plaintiff encountered architectural barriers at the commercial facility and the Premises. The barriers at the Premises, as identified more fully herein.

15. Plaintiff plans to return to the commercial facility and the Premises to avail herself of the goods and services offered to the public therein, and to determine whether the commercial facility and the Premises have been made ADA compliant. Plaintiff has encountered and has knowledge of the architectural barriers at the subject commercial facility and Premises which discriminate against her on the basis of her disability. As a result of these barriers, Plaintiff was unable to access the main dining area and unable to access the restroom. These barriers also prevent and deter Plaintiff from returning to the Premises to enjoy the goods and services available to the public.

16. Due to Defendants' ADA violations set forth *infra*, Plaintiff was not able to, and still cannot, access significant portions of the commercial facility and the Premises or avail herself of the various amenities otherwise offered to able bodied individuals by the Defendants. Plaintiff, a resident of South Florida, shall return to the commercial facility and the Premises once the architectural barriers violating the ADA and the FACBC are removed. However, Plaintiff is deterred from returning as a result of the barriers to access present therein. Plaintiff will be denied full access to the subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

## COUNT I
*(Americans With Disabilities Action for Injunctive Relief)*

17.     This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

18.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 4 through 16 of this Complaint as if fully stated herein.

19.     On July 26, 1990, Congress enacted the ADA, 42 U.S.C. §§ 12101 *et seq.* The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

20.     Pursuant to 42 U.S.C. §12183, Defendants had a legal duty to be in full compliance with the ADA as of January 26, 1992 at the latest. The Premises were long ago required to undergo barrier removal in order to be readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Defendants failed to do so.

21.     The commercial facility and Premises which are either owned, leased to or by, and/or operated by the Defendants, and which are the subject of this action, includes two restaurants. The two restaurants must be, but are unable to be, accessed by individuals with disabilities, including the Plaintiff.

22. Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the commercial facility and the Premises which are the subject of their action are places of public accommodations covered by the ADA and which must be in compliance therewith.

23. The Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

24. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

25. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section

12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

26. Upon information and belief, the commercial facility and Premises are "newly constructed" place of public accommodation as defined by 28 C.F.R. § 36.401.

27. The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and are discriminating against Plaintiff as a result of the following violations:[2]

### PARKING GARAGE

a. All the accessible parking spaces in the garage except one are located furthest from the entrance to the garage and are not on the shortest accessible route to the main entrance of the parking facility or the main entrances of the restaurant facilities across the street, which are served by the garage. Violating ADA § 208.3.1;

b. The access aisles for the designated accessible spaces located at the westernmost section of the garage are not on a level surface. Violating ADA § 502.4;

c. There are no van accessible spaces complying with ADA Figure 502.2(b) provided as required by ADA § 208.2.4;

### ACCESS TO SHOPS' MAIN ENTRANCES FROM GARAGE

d. There is no accessible route within the site from the garage to the shops across the street from the garage because the sidewalks on both sides of the street that serve the garage entrance/exit nearest the accessible parking spaces do not provide curb ramps to permit an individual in a wheelchair to cross the street safely, thus forcing the individual in wheelchairs to navigate over steep and dangerous curbs. Violating ADA §§ 206.2.2 and 206.2.4;

### BAR SECTION AT THE RESTAURANT MELLOW MUSHROOM

e. The outdoor bar does not provide for a lowered counter. Violating ADA Standards §§227.3 and 902.3;

---

[2] Due to the architectural barriers encountered, all areas of the premises were not able to be assessed by the Plaintiff. Accordingly, the above list is not to be considered all-inclusive. A *complete* list of the subject premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiffs' representatives pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## BAR SECTION AT THE RESTAURANT MELLOW MUSHROOM

    f.    The bar does not provide for a lowered counter. Violating ADA Standards §§ 227.3 and 902.3.

28. Upon information and belief, correction of the items in paragraphs 27(a)-(f) of this Complaint are readily achievable.

29. Plaintiff has a realistic, credible, existing and ongoing threat of discrimination from the Defendants' non-compliance with the ADA, the ADAAG, and the FACBC, regarding the commercial facility and the Premises as described but not necessarily limited to the allegation in paragraph 27 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subject to discrimination in violation of the ADA.

30. Defendants have discriminated against, Plaintiff by denying her access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations of the Premises, as prohibited by 42 U.S.C. § 12182 *et seq*, and 28 C.F.R. § 36.302, *et seq*.

31. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendants' commercial facility and/or Premises. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' commercial facility and/or Premises, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the

meaningful choice of freely visiting the same accommodations readily available to the general public.

32.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay her counsel reasonable attorneys' fees, including costs and expenses incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

33.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable to the commercial facility and /or Premises that has existed prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an alteration to the commercial facility and place(s) of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. § 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. § 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

34.     Notice to Defendants is not required as a result of the Defendants failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant have 10 or fewer employees and gross receipts of $500,000 or less).

35.     All other conditions precedent have been met by Plaintiff or waived by the Defendants.

36. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff injunctive relief including an order to alter the subject Premises, and to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and/or closing the subject Premises/facilities until the requisite modifications are complete.

37. The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff, DEBRA DAVIS, request that this Court,

A. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq*;

B. Enter a final order granting permanent injunctive relief, including an order to make all readily achievable alterations to the Premises; or to make such Premises readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FACBC; and require the Defendants to make reasonable modifications in polices, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

C. An award for attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

D. Such other relief as the Court deems just and proper, and/or allowable under Title III of the Americans With Disabilities Act.

## **COUNT II**

*(Action for Violations of the Florida Americans
With Disabilities Accessibility Implementation Act)*

38.     This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

39.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 9 of ther Complaint as if fully stated herein.

40.     Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[4] and Title II of Public Law No. 101-336,[5]" subject to the additional requirements of Fla. Stat. § 553.504.

41.     Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC).  The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997.  *See* FACBC Chapter 11 and Fla.  Stat. § 553.503.

29.     In addition, Fla.  Stat. § 553.502 provides that "nothing in ss.  553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla.  Stat. § 553.502.

---

[4] 28 CFR §§ 36.101, *etseq,* 36.401, *et seq.*
[5] 42 U.S.C.A. § 12131, *et seq.*

30. Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code</u>. The civil rights portions and the technical portions of the accessibility laws of ther state shall remain as currently provided by law. Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code. Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

31. Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of ther part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

32. Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other...State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

33. At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiffs herein.

34. On more than one occasion, Defendants breached its duty to provide access to the subject premises by Plaintiff and thereby discriminated against Plaintiff, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

### PARKING GARAGE

a. All the accessible parking spaces in the garage except one are located furthest from the entrance to the garage and are not on the shortest accessible route to the main entrance of the parking facility or the main entrances of the restaurant facilities across the street, which are served by the garage. Violating ADA § 208.3.1;

b. The access aisles for the designated accessible spaces located at the westernmost section of the garage are not on a level surface. Violating ADA § 502.4;

c. There are no van accessible spaces complying with ADA Figure 502.2(b) provided as required by ADA § 208.2.4;

### ACCESS TO SHOPS' MAIN ENTRANCES FROM GARAGE

d. There is no accessible route within the site from the garage to the shops across the street from the garage because the sidewalks on both sides of the street that serve the garage entrance/exit nearest the accessible parking spaces do not provide curb ramps to permit an individual in a wheelchair to cross the street safely, thus forcing the individual in wheelchairs to navigate over steep and dangerous curbs. Violating ADA §§ 206.2.2 and 206.2.4;

### BAR SECTION AT THE RESTAURANT MELLOW MUSHROOM

e. The outdoor bar does not provide for a lowered counter. Violating ADA Standards §§227.3 and 902.3;

### BAR SECTION AT THE RESTAURANT MELLOW MUSHROOM

f. The bar does not provide for a lowered counter. Violating ADA Standards §§ 227.3 and 902.3.

35. Upon information and belief, correction of the items in paragraphs 34(a)-(f) of this Complaint are readily achievable.

36. The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the premises and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations set forth above. Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage, and will be deterred from returning to the subject premises without the relief provided pursuant to the FACBC as requested herein.

37. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay her counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.[7]

38. Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat. §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, and closing the subject premises and facilities until the requested modifications are completed.

39. The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, awarding Plaintiff her

---

[7]*Cf.,Wesley Group Home Ministries, Inc., v. City of Hallendale*, 670 So.2d 1046 (Fla.4th Distr. 1996).

attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requested modifications are completed.

Date: July 6, 2016                               Respectfully submitted,

                                                 Ortega Law Group, P.A.
                                                 1888 NW 7th Street
                                                 Miami, Florida 33125
                                                 Tel: (786) 452-9709
                                                 Fax: (305) 643-3334
                                                 E-Mail: camilo@ortegalawgroup.com
                                                 Service: attorneyservice@ortegalawgroup.com

                                                 By: /S/ Camilo F. Ortega
                                                       Camilo F. Ortega, Esq.,
                                                       Fla. Bar No.: 75387